**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Sherman Wilfong,**

    **Plaintiff,**

              Case No. C2-05-746
    **v.**                   Judge Smith
               Magistrate Judge Kemp

**Terry Hord, Ohio,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Reconsideration of the Magistrate Judge's November 21, 2006 Order (Doc. 29) denying Defendants' Motion for a Protective Order (Doc. 30), and Plaintiff's Motion to Strike Defendants' Motion for Reconsideration and Request for Fees (Doc. 32).

Plaintiff Sherman Wilfong alleges in this civil rights action that Defendant Terry Hord, a state prosecutor, violated his rights by encouraging Tennessee authorities to revoke Mr. Wilfong's probation after Mr. Wilfong was acquitted of the offense for which Mr. Hord had prosecuted him. (*See* Compl. generally). Defendants argue that Plaintiff's Complaint fails to state a claim as a matter of law, and further that Defendant Hord is entitled to prosecutorial immunity.

Defendants now move pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure asking the Court to reverse the November 21, 2006 Order by the and grant a Protective Order forbidding Plaintiff from taking the deposition of Defendant Terry Hord. Plaintiff has also filed a Motion to Strike Defendants' Motion for Reconsideration

and Request for Fees (Doc. 32).  For the following reasons, the Court **DENIES** Defendants' Motion for Reconsideration and **DENIES** Plaintiff's Motion to Strike and Request for Fees.

Defendants' Motion for Reconsideration is filed in response to Magistrate Kemp's November 21, 2006 Order denying Defendants' Motion for Protective Order.  (*See* Doc. 29). Defendants' Motion for Protective Order was filed subsequent to Plaintiff's Notice of Deposition of Defendant Terry Hord, the Chief Prosecuting Attorney for Union County, Ohio and after counsel had been unsuccessful in their attempt to resolve this dispute extrajudicially.  Defendants argued in their Motion for Protective Order that, because Mr. Hord is entitled to absolute prosecutorial immunity, which includes immunity from civil suits, a protective order should be issued.

In denying Defendants' Motion for Protective Order, the Magistrate's Order stated that "close control of discovery is essential to the preservation of meaningful official immunity." (Doc. 29 at 3, *quoting Williamson v. U.S. Dept. Of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).  However, the Order further stated, "cutting off a plaintiff's opportunity to conduct discovery about factual issues that underlie a claim of immunity simply because a summary judgment motion has been filed is problematic."  (Doc. 29 at 3).

The Magistrate also stated, and this Court agrees, that "[u]sually, a defendant who claims absolute or qualified immunity from suit, and who wishes not to engage in the discovery process at all, will challenge the sufficiency of the plaintiff's allegations by way of a motion to dismiss."  Defendants in this case, however, chose not to file a motion to dismiss, but rather, to answer the complaint, participate in discovery and then file a motion for summary judgment arguing immunity.

Defendants argue that even if Plaintiff is prohibited from deposing Mr. Hord, Plaintiff still has an adequate opportunity to discover facts to oppose Defendants' Motion for Summary Judgment and therefore would not be prejudiced. The Court does not agree. Defendant Hord has submitted his own sworn affidavit in support of Defendants' Motion for Summary Judgment. Prohibiting Plaintiff to depose Defendant Hord would only present one version of the facts at issue in this case. Plaintiff is entitled to test the credibility and context of the statements made by Defendant Hord in his affidavit. The Court agrees with the Magistrate Judge's conclusion that "[i]t would be manifestly unfair to permit a party claiming immunity (or any other defense) to make his or her own factual submission to the Court, and then to prevent the opposing party from testing that factual submission through the discovery process." (Doc. 29 at 4).

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, this Court shall modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. The Court has carefully reviewed the Magistrate Judge's Order in light of Defendants' Motion for Reconsideration, and finds that the Magistrate Judge's decision is neither clearly erroneous, nor is it contrary to the law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a).

In light of the Court's decision denying Defendants' Motion for Reconsideration, the Court does not find any reason to strike the Motion as requested by Plaintiff. Plaintiff was concerned that Defendants' Motion for Reconsideration would be construed as an "11th Hour Motion to Dismiss." The Court, however, only considered the arguments presented by Defendants pertaining specifically to the Magistrate Judge's Order. Plaintiff also requests fees in his Motion, however, the Court does not see any justification for fees at this time. While it does

3

seem unreasonable to expend numerous hours briefing the arguments on why Defendant Hord should not be deposed rather than make him available for what Plaintiff claims would be a one hour deposition, Defendants have not done anything improper as a matter of law to justify an award of fees.

For all of the foregoing reasons, the Court **DENIES** Defendants' Motion for Reconsideration.  Plaintiff is entitled to take Defendant Hord's deposition and such deposition shall occur within 21 days from this Order.  In addition, Plaintiff shall respond to Defendants' Motion for Summary Judgment within 30 days after completion of Defendant Hord's deposition. No further extensions shall be granted.

The Clerk shall remove Documents 30 and 32 from the Court's pending motions list. Defendants' Motion for Summary Judgment, Document 19, remains pending before this Court.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**United States District Court**