UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Sherman Wilfong,**

       **Plaintiff,**

   v.

**Terry Hord, Ohio,** *et al.***,**

       **Defendants.**

**Case No. C2-05-746**
**Judge Smith**
**Magistrate Judge Kemp**

## OPINION AND ORDER

Plaintiff Sherman Wilfong brings this action against Defendants the Union County Prosecutor's Office and Terry Hord alleging violations of his constitution rights under 42 U.S.C. § 1983.  This matter is before the Court on Defendants' the Union County Prosecutor's Office and Terry Hord's Motion for Summary Judgment asserting they are entitled to absolute prosecutorial immunity (Doc. 19).  Plaintiff has filed his Memorandum Contra (Doc. 46) and Defendants have filed their Reply (Doc. 49).  This matter is now ripe for review.  For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

## I.  FACTS

Plaintiff Sherman Wilfong brings this action against Defendants the Union County Prosecutor's Office and Terry Hord, a prosecutor with the Union County Prosecutor's Office, asserting claims of malicious prosecution, wrongful arrest/false imprisonment, 42 U.S.C. §1983

violations, intentional/negligent infliction of emotional distress, and defamation.[1]  Plaintiff's claims arise from his arrest and prosecution in Union County, Ohio, as well as his subsequent incarceration for a probation violation in Sumner County, Tennessee.

On February 5, 2005, Plaintiff Sherman Wilfong claims that he was having a serious panic attack.  As a result of this attack, Mr. Wilfong felt he could not breath and believed he was dying.  He was running down his street dressed in his pajamas and slippers yelling for help.  He knocked on doors for help and when he couldn't get any help, he approached a woman in a car and asked for help.

A witness to Mr. Wilfong's actions called the police and upon arrival, Mr. Wilfong was arrested.  Mr. Wilfong was charged with kidnapping and robbery.  The case was presented to a grand jury in Union County, Ohio and Plaintiff was indicted on these charges on March 4, 2005. Chief Assistant Prosecuting Attorney for Union County, Terry Hord, was assigned to handle the criminal prosecution of Mr. Wilfong.  As part of the preparation for the criminal trial, Mr. Hord reviewed the criminal history of Mr. Wilfong to determine if he had any prior criminal convictions.  Mr. Hord discovered that Mr. Wilfong had convictions and/or involvements with the law in Detroit, Michigan; Nashville, Tennessee; and Hendersonville, Tennessee.  Mr. Hord learned that Mr. Wilfong had been convicted of two counts of aggravated assault in Hendersonville, Tennessee and believed those offenses may be of evidentiary value in the criminal trial, admissible as prior bad acts under Ohio Revised Code §2945.59.  (See Hord Aff. ¶ 3, attached as Ex. C to Defs' Mot. for Summ. J.).

---

[1] The City of Marysville, the Marysville Police Department, and Officer Phillip Doyle were originally named as Defendants in this case, however, Plaintiff dismissed his claims against them with prejudice on June 28, 2006.

Mr. Hord contacted the Sumner County, Tennessee District Attorney's Office to learn more about Plaintiff's prior convictions, and in doing so, was told that Plaintiff was on probation for his criminal convictions in Tennessee and had violated the terms of his probation by failing to report the Ohio arrest to his probation officer in Tennessee. Plaintiff's probation officer in Tennessee, Theodore Malone, then contacted Mr. Hord and requested all documentation regarding Mr. Wilfong's arrest in Ohio.

Mr. Wilfong retained counsel to defend him on these charges. In addition, Mr. Wilfong voluntarily obtained and received treatment for his illness at Consolidated Care in Marysville, Ohio. Mr. Wilfong was diagnosed with an anxiety disorder, and the events of February 5, 2005 were confirmed to be a result of a severe panic attack. Mr. Wilfong also consulted a second doctor, Dr. Jeffrey Smalldon, who confirmed the diagnosis from Consolidated Care. Mr. Wilfong, through his counsel, communicated this information to the Union County Prosecutor's office and argued that Mr. Wilfong did not have the intent to commit a robbery or kidnapping, but instead he was having a panic attack. The Union County Prosecutor's Office, however, would not dismiss the charges against Mr. Wilfong and continued with the trial set for June 27, 2005.

The trial against Mr. Wilfong began on June 27, 2005. The State presented its evidence, and at the close of the State's case, Mr. Wilfong's counsel made a Rule 29 motion for acquittal. After considering this motion, the Court dismissed the kidnapping charge and ruled that the State had not proven a kidnapping charge. The defense then presented its evidence on the remaining robbery charge. The case was then given to the jury on the second day of the trial, June 28,

2005, and they returned a verdict of not guilty on the robbery charge.[2]

On June 22, 2005, prior to the beginning of the trial, Mr. Wilfong's probation officer in Tennessee executed an affidavit regarding his probation violations, which was submitted to the court there. The presiding Judge of the Criminal Court in Sumner County, Tennessee ordered that Plaintiff be arrested instanter and brought before the court. A warrant was issued by the court in Tennessee. At the conclusion of the trial, Mr. Hord served the warrant on Mr. Wilfong. Mr. Wilfong was then arrested and incarcerated.

Plaintiff Mr. Wilfong alleges in this civil rights action that Defendant Assistant Prosecutor Terry Hord violated his rights by encouraging Tennessee authorities to revoke Mr. Wilfong's probation after Mr. Wilfong was acquitted of the offense for which Mr. Hord had prosecuted him. (*See* Compl. generally). Defendants argue they are entitled to prosecutorial immunity.

## II.    SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[2] Plaintiff also goes into great detail about the atmosphere of the courtroom and the Prosecutor Mr. Hord's behavior during the trial, while waiting on the verdict and after the verdict. These descriptions, however, are not evidence. Plaintiff attempts to cite to an affidavit of Brian Jones on page 5 of his Memo Contra, however, no such affidavit has been provided to the Court. Nonetheless, these descriptions of Mr. Hord's behavior are not relevant to the claims asserted in this case.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).[3] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice" ushering in a "new

---

[3] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. DISCUSSION

Plaintiff Sherman Wilfong asserts the following claims against Defendants the Union County Prosecutors Office and Assistant Prosecutor Terry Hord: malicious prosecution, wrongful arrest/false imprisonment, 42 U.S.C. §1983 violations, intentional/negligent infliction of emotional distress, and defamation. Defendants argue they are entitled to prosecutorial immunity. For the reasons that follow, Defendants' Motion for Summary Judgment is granted.

### A. Prosecutorial Immunity

Defendants argue that at all times relevant to this case, Defendant Hord was acting in his official capacity as an assistant prosecuting attorney for Defendant the Union County Prosecutor's Office. As such, Defendants argue that Plaintiff's Complaint should be dismissed in its entirety as they are entitled to absolute prosecutorial immunity.

Absolute prosecutorial immunity is a common-law doctrine that shields a prosecutor from liability under the federal civil rights laws. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Supreme Court has endorsed a "functional approach" for determining whether an official is entitled to absolute prosecutorial immunity, explaining that a court should look to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). The functional approach focuses on whether the prosecutor's activities are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Those acts that occur in the course of the prosecutor's role as an advocate for the state, such as initiation of the judicial proceedings, trial preparation, and actual case presentation in court, are protected by absolute immunity. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006); *Ireland v. Tunis*, 113 F.3d 1435, 1444-45 (6th Cir. 1997). "Indeed, as long as the prosecutors were functioning in an enforcement role and acting as advocates for the state in initiating and prosecuting judicial proceedings, they are entitled to an absolute immunity defense." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).

A prosecutor's duties as an advocate for the state "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler*, 424 U.S. at 431. This immunity extends to a prosecutor's decision on whether to prosecute a case. *See Ireland v.*

*Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously. The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989); *see also Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003).

In addition, the Ohio Revised Code incorporates absolute immunity for prosecutors in section 2744.03(A)(7):

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> \* \* \*
>
> (7) The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitle to any defense or immunity available at common law or established by the Revised Code.

Defendants argue that Defendant Hord acted at all times within his duties and powers as Chief Assistant Prosecuting Attorney for the Union County Prosecutor's Office in prosecuting the criminal trial of Plaintiff Sherman Wilfong.

Plaintiff argues that Defendant Hord and his office acted in a capacity other than a prosecutor in Mr. Wilfong's case. Plaintiff asserts that Defendant Hord became a "witness, investigator and quasi police agency and he testified about his own personal feelings and even acted as an expert doctor giving his opinions regarding mental health testing and evaluations that

were private and to be reviewed in camera and in court not copied, altered and sent in a misleading fashion without properly identifying them to others." (Pl's Memo. in Opp. at 16).

Plaintiff does not appear to be challenging Defendants actions in preparing for trial or prosecuting Mr. Wilfong in Union County, but rather his post trial actions. Plaintiff asserts that Defendants actions were extraordinary and merely in vengeance because Defendant Hord was angry because he lost the trial. Plaintiff further states that "[t]o grant absolute immunity in this case would be to encourage prosecutors who have lost trials to take what ever means they see fit in retribution or in anger against those with whom they have a personal dislike or hatred for." (Pl's Memo. in Opp. at 19).

Applying the foregoing analysis, the moving Defendants are entitled to the protection of prosecutorial immunity. Plaintiff is not aided by his allegations that the prosecutors acted with retaliatory motive. For purposes of applying the absolute immunity doctrine to the decision of a prosecutor to initiate charges, motive is immaterial. The immunity doctrine shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (*quoting Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

The specific actions that Plaintiff appears to be asserting violated his constitutional rights are: 1) serving a warrant on Mr. Wilfong immediately after the conclusion of the Union County trial in which he was found not guilty; 2) sending a letter to Mr. Wilfong's probation officer in Tennessee and providing more information than requested, such as the psychological evaluation conducted by Dr. Smalldon. First, Plaintiff argues that it was not proper procedure for Defendant Hord to serve the warrant on Mr. Wilfong without first informing them that he was

9

found not guilty of the charges here in Ohio. Defendants argue that Defendant Hord had nothing to do with the arrest warrant issues from Tennessee. Even if he did, the serving of the warrant was still proper. Plaintiff violated the terms of his probation in Tennessee by failing to inform the District Attorney of his arrest in Ohio. (*See* Affidavit of Ray Whitley, District Attorney for Sumner County, Tennessee, ¶ 4-5). Defendant Hord was acting under his prosecutorial duties in investigating Mr. Wilfong's background and discovered his previous criminal history in Tennessee. Of course, it follows that there was an exchange of information regarding these charges: Defendant Hord needed to review the information to determine if he could use it in the prosecution of Mr. Wilfong and the Tennessee authorities wanted to review the information on Mr. Wilfong's violation in Ohio.

Second, Plaintiff asserts that Defendants somehow violated Plaintiff's constitutional rights when Defendant Hord wrote to authorities in Tennessee and attached information that Plaintiff claims should not have been included. Defendants argue and this Court agrees that Plaintiff's arguments are unsupported by an testimony, authority, or record from the Tennessee court. Specifically, Plaintiff argues that Mr. Hord was limited to an "in camera review" of Dr. Smalldon's report, however, there is no evidence supporting this argument. Defendant Hord merely forwarded the entire contents of Mr. Wilfong's prosecution file to the Tennessee District Attorney, which included Dr. Smalldon's expert reports which were used at the criminal trial and therefore part of the record.

Further, Plaintiff has not set forth any evidence as to how Mr. Hord's disclosure of the aforementioned information violates his constitutional rights. There is no evidence that the production of Dr. Smalldon's reports somehow affected the prosecution of Mr. Wilfong in

Tennessee.  Plaintiff has attempted to provide the affidavit of Mr. Wilfong's defense attorney in Tennessee, Jon Peeler.  Mr. Peeler, however, simply asserts that Mr. Wilfong was prosecuted differently than other defendants in the same or similar situation.  Not only is there no foundation for such testimony, but it is mere opinion.

In addition to the lack of evidence in support of Plaintiff's claims, he also fails to provide any case law in support of claims that either of the two aforementioned actions by Defendant Hord would entitle Plaintiff to any type of relief.

Based on the foregoing, Defendants Assistant Prosecuting Attorney Hord and the Union County Prosecutors Office are entitled to absolute prosecutorial immunity on all Plaintiff's claims against them.[4]  Defendants' Motion for Summary Judgment is therefore granted.

---

[4] While Defendants are absolutely immune from suit, it should be noted that Plaintiff has not disputed that his malicious prosecution and 42 U.S.C. § 1983 claims fail as a matter of law because there was probable cause for his prosecution as evidenced by the grand jury's indictment.  *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("it has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause").

## IV. CONCLUSION

Based on the above, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 19).

The Clerk shall remove Document 19 from the Court's pending motions list.  The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**